UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EVANS WOODSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF DIRECTORS OF THE HARBOR HILL CONDOMINIUM HOMEOWNERS ASSOCIATION,<br><br>    Defendant. | Case No. 20-cv-03135-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

The Harbor Hill Condominium Homeowners Association (the "HOA"), the only remaining defendant in this case, has moved to dismiss pro se plaintiff Michael Woodson's complaint.[1] No opposition to the motion was filed and the deadline to file one has passed. *See* Civ. L.R. 7-3(a). For the reasons that follow, the Court grants the motion with leave to amend.

\* \* \*

Woodson's complaint consists of a cover page and several letters and documents attached to the cover page. To ascertain what he alleges and what he seeks to obtain from the HOA, it is necessary to piece these materials together; and even then, some guesswork is required.

As best the Court can tell, Woodson owns a condominium in Tiburon, California, and he contends that under section 4022(b) of the CARES Act, Pub. L. No. 116-136, 134 Stat. 281, 490 (2020) (codified at 15 U.S.C. § 9056(b)), the HOA must temporarily forbear from collecting a $47,727 special assessment that he owes and that will be used to pay for repairs and improvements of the condominium complex. The HOA argues that section 4022(b) doesn't require the

---

[1] Woodson voluntarily dismissed his claims against the other three defendants: California State Controller Betty T. Yee, Bayview Loan Servicing LLC, and T-Dmrmco LLC. *See* ECF Nos. 14, 17, 23.

forbearance Woodson has requested, and the Court agrees.

Section 4022(b) of the CARES Act, which became law in March of this year, provides that

> [d]uring the covered period, a borrower with a Federally backed mortgage loan experiencing a financial hardship due, directly or indirectly, to the COVID-19 emergency may request forbearance on the Federally backed mortgage loan, regardless of delinquency status . . . .

15 U.S.C. § 9056(b)(1).

The text is clear that the COVID-19 related forbearance applies only to "Federally backed mortgage loan[s]," a defined term in section 4022(a):

> The term "Federally backed mortgage loan" includes any loan which is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1- to 4- families that is–
>
> (A) insured by the Federal Housing Administration under title II of the National Housing Act (12 U.S.C. 1707 et seq.);
>
> (B) insured under section 255 of the National Housing Act (12 U.S.C. 1715z-20);
>
> (C) guaranteed under section 1715z-13a or 1715z-13b of Title 12;
>
> (D) guaranteed or insured by the Department of Veterans Affairs;
>
> (E) guaranteed or insured by the Department of Agriculture;
>
> (F) made by the Department of Agriculture; or
>
> (G) purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

15 U.S.C. § 9056(a)(2).

The special assessment that Woodson owes the HOA is not a "Federally backed mortgage loan." The special assessment is not a loan at all, much less one that is insured or guaranteed by one of the federal agencies listed in the definition above.

"[W]hen the meaning of [a] statute's terms is plain," as it is here, the Court's "job is at an end." *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1749 (2020). The HOA's special assessment is not a "Federally backed mortgage loan," so section 4022(b) of the CARES Act doesn't require the HOA to forbear from collecting it.

2

1    Given that Woodson's claim doesn't come within the terms of the CARES Act, any
2    amendment of the claim would likely be futile. This typically means that the claim should be
3    dismissed with prejudice. *See Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340–41
4    (9th Cir. 2020). Here, however, because Woodson's pro se complaint is somewhat difficult to
5    follow, it is possible that the Court has misconstrued it. Out of an abundance of caution, the Court
6    accordingly gives Woodson leave to amend. If he chooses to file an amended complaint, he must
7    do so by **October 2, 2020**.

8    The amended complaint, if filed, should specifically identify all legal claims, the facts
9    supporting the claims, and the relief sought. *See* Fed. R. Civ. P. 8(a). "Although a pro se litigant
10   . . . may be entitled to great leeway when the court construes his pleadings, those pleadings
11   nonetheless must meet some minimum threshold in providing a defendant with notice of what it is
12   that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995)
13   (emphasis omitted).

14   Woodson is encouraged to visit the Northern District of California's website, where he can
15   obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal.,
16   Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/.

17                                                    * * *

18   As an alternative ground for dismissal, the HOA contends that Woodson lacks standing to
19   bring his claim because the claim belongs to his bankruptcy estate. The Court doesn't agree that
20   the claim belongs to Woodson's bankruptcy estate, so it rejects this argument.

21   Woodson's complaint reveals that he filed for Chapter 7 bankruptcy protection in January
22   2020. *See* ECF No. 1 at 2. When he filed for bankruptcy, all legal claims of his that had accrued
23   pre-petition became property of the bankruptcy estate and could be pursued only by the estate's
24   trustee. *See Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004); *Cusano v. Klein*, 264 F.3d
25   936, 945 (9th Cir. 2001). In contrast, any claims of Woodson's that accrued post-petition would
26   not be property of the estate and he could pursue them. *See Cusano*, 264 F.3d at 948 n.5 ("Cusano
27   had no duty to disclose a cause of action for post-petition royalties due on his pre-petition
28   compositions, because those royalties had not accrued at the time of his petition."); *In re Witko*,

3

374 F.3d 1040, 1042 (11th Cir. 2004) ("Pre-petition causes of action are part of the bankruptcy estate and post-petition causes of action are not.").

Woodson's claim against the HOA is a post-petition claim.  When he filed for bankruptcy, in January 2020, the CARES Act had yet to become law.  *See* Pub. L. No. 116-136 (enacted Mar. 27, 2020).  This means that Woodson's claim under the CARES Act could not possibly have accrued before he filed for bankruptcy.  So, because Woodson's claim accrued post-petition, it is not property of the estate and he has standing to pursue it.

* * *

The Court grants the HOA's motion to dismiss Woodson's complaint.  If Woodson chooses to file an amended complaint, he must file it by **October 2, 2020**.  If he doesn't timely file an amended complaint, his claim against the HOA will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 4, 2020

ALEX G. TSE
United States Magistrate Judge